**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOWARD RACHELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | **VERIFIED COMPLAINT** |
| DIVERSIFIED CONSULTANTS, INC. | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| Defendant. | ) | |

HOWARD RACHELSON ("Plaintiff"), through attorneys, KROHN & MOSS, LTD., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Defendant conducts business in the State of Illinois; therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Vernon Hills, Lake County, Illinois.

6.     Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C.

1692a(5).

7.     Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Jacksonville, Florida.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, AT&T.

11.     Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12.     On July 10, 2013, at 10:17 P.M., Plaintiff faxed a cease and desist letter to Defendant. *See* Plaintiff's letter to Defendant and fax confirmation which are attached as Group Exhibit A.

13.     Defendant's fax number is 904-247-0660.

14.     Defendant received the cease and desist letter attached as Exhibit A on July 10, 2013.

15.     Despite receiving the cease and desist letter attached as Exhibit A, Defendant communicated with Plaintiff after July 10, 2013, in an attempt to collect a debt.

16.     Plaintiff has received approximately 38 ("thirty-eight") phone calls from Defendant after Defendant received Plaintiff's Cease & Desist letter.

17.     Defendant places collection calls to Plaintiff from telephone numbers including but not limited to: 630-449-3098, 630-449-3121, and 630-449-3164.

18.     On July 11, 2013, Defendant placed 3 ("three") collection calls to Plaintiff,

calling Plaintiff's telephone number at: 8:38 A.M., 3:24 P.M., and 6:23 P.M.

19.     On July 12, 2013, Defendant placed 3 ("three") collection calls to Plaintiff, calling Plaintiff's telephone number at: 10:48 A.M., 12:25 P.M., and 3:23 P.M.

20.     On July 15, 2013, Defendant placed 3 ("three") collection calls to Plaintiff, calling Plaintiff's telephone number at: 9:06 A.M., 3:42 P.M., and 6:44 P.M.

21.     On July 16, 2013, Defendant placed 4 ("four") collection calls to Plaintiff, calling Plaintiff's telephone number at: 9:45 A.M., 10:58 A.M., 3:28 P.M., and 6:50 P.M.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

22.     Defendant violated the FDCPA based on, but not limited to, the following:

a.     Defendant violated §1692c(c) of the FDCPA by communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

b.     Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

c.     Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff by calling Plaintiff on a daily basis multiple times a day.

WHEREFORE, Plaintiff, HOWARD RACHELSON, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

23.     Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

24.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692K.

25.     Any other relief that this Court deems appropriate.

Dated: September 18, 2013                    RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By: /s/ Matthew Rosenthal
        Matthew Rosenthal
        Attorney at Law
        Krohn & Moss, Ltd
        10474 Santa Monica Blvd., Suite 405
        Los Angeles, CA 90025
        Tel: (323) 988-2400 x255
        Fax: (866) 861-1390
        Email:mrosenthal@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
)
COUNTY OF LAKE )

Plaintiff, HOWARD RACHELSON, states the following:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HOWARD RACHELSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

8/5/2013
Date

HOWARD RACHELSON